RICHARD ROBERTS ET UX, BEVERLY ROBERTS; J. T. BLACKWELL ET UX,
JEAN BLACKWELL; HALL SMITH ET UX, MABEL SMITH; JOHN M.
PETIT ET UX, PATRICIA PETIT; CHARLES SPANBAUR ET UX,
MARGARET SPANBAUER; J. A. GRAY ET UX, EFFIE GRAY; ROBERT
DIXON ET UX, ELIZABETH DIXON; TOM CRAWFORD ET UX, PAT
CRAWFORD; CLYDE BROOKS ET UX, LINDA BROOKS; OTIS L. CALHOUN
(WIDOWER); CHARLES N. KELLY ET UX, JIMMY LOU KELLY; H. W.
GREGORY ET UX, ESTHER GREGORY; ROBERT C. FOSTER ET UX, BETTY
FOSTER; ELBERT CHAPMAN ET UX, JANIE W. CHAPMAN; ALBERT B.
CANTRELL ET UX, DOROTHY CANTRELL; AND KARL HARBIN ET UX, AM-
MIE HARBIN; PLAINTIFFS v. THE CITY OF BREVARD; CHARLES H.
CAMPBELL, MAYOR OF THE CITY OF BREVARD; DAVID THORNE,
KATHERINE D. ANDERSON, CORNELIUS HUNT, BEN LONG, JR., AND
JOHNNY PETERSON, ALDERMEN OF THE CITY OF BREVARD; TOM MITCHELL,
CHAIRMAN OF THE BREVARD BOARD OF ADJUSTMENT; W. P. HENSON, DEAN
BROWNWELL, ANN PICKELSIMER, AND PAUL STUCKLAND, MEMBERS
OF THE BREVARD BOARD OF ADJUSTMENT; JAMES EDWARDS, CITY PLANNER
FOR THE CITY OF BREVARD; AND WADE HALL, BUILDING INSPECTOR FOR THE
CITY OF BREVARD, DEFENDANTS AND ANDERSON, BENTON, HOLMES, INC.,
INTERVENOR-DEFENDANT

No. 8229SC1148

(Filed 18 October 1983)

**Municipal Corporations § 29.3— development as within guidelines of zoning or-
dinance — wrong question considered by trial court**

In a civil action in which plaintiff property owners sought to prevent
defendant city from allowing developers to proceed with a proposed real
estate development, the question that was properly before the trial court was
not whether the proposed development was a planned development within the
meaning of the ordinance, but whether it failed to conform to the requirements
of the zoning ordinance and therefore required consideration as a special ex-
ception.

APPEAL by plaintiffs from *Kirby, Judge.* Judgment entered 1
July 1982 in Superior Court, TRANSYLVANIA County. Heard in the
Court of Appeals 22 September 1983.

In this civil action, plaintiff property owners seek to prevent
defendant City of Brevard (the city) from allowing defendant-
intervenor Anderson, Benton, Holmes, Inc. (ABH), to proceed with
a proposed real estate development in a manner that plaintiffs
allege violates the city's zoning ordinance.

In November of 1981, ABH, a real estate developer, acquired
an option to purchase 3.29 acres of land within the city. In May of

1982, ABH applied for and obtained preliminary plat approval for the subdivision of the land and the construction thereon of eleven duplexes containing a total of twenty-two residential rental units.

On 28 May 1982, plaintiffs filed their complaint in Superior Court naming the city as defendant. ABH intervened and answered on 4 June 1982. Plaintiffs alleged that ABH's proposed development was a "planned development" under the zoning ordinance and therefore subject to certain procedural requirements that had not been met. The complaint sought injunctive relief to require the city to comply with the ordinance.

At the hearing, the only evidence presented was a stipulation by the parties and the testimony of two expert witnesses. The court concluded as a matter of law that the proposed development was not a planned development and not subject to the additional procedural requirements of the zoning ordinance. The court also concluded that the proposed development was in compliance with the zoning ordinance. Accordingly, the court refused to grant the injunction and plaintiffs appealed.

*William R. White for plaintiff-appellants.*

*Ramsey, Smart, Ramsey and Pratt, by John K. Smart, Jr., for defendant.*

*House, Blanco and Osborne, by Mary Ward Root, for intervenor-defendant.*

EAGLES, Judge.

Plaintiffs assign as error the conclusions by the trial court that the proposed development was not a planned development, that it was in compliance with the zoning ordinance, and that the additional procedural requirements of the zoning ordinance did not apply. Planned development is defined by the Brevard zoning ordinance as follows:

Article IV. *Definitions. . . .*

4. Planned Development: a large development consisting of one (1) continuous tract of land which is planned and developed as an integrated unit conforming to the density requirements of the zone in which it is located but not necessarily to the individual lot size requirements.

Under Article VIII of the ordinance, dealing with Special Exceptions, is a section entitled "Planned Development." That section contains the following provision:

> 801.2 *Planned Development Requirements.* The following only shall be subject to the provisions of this section: The construction of principal building(s) on any lot with the building(s) having a gross floor area of twenty-five thousand (25,000) or more square feet or any multifamily residential development containing more than one building and/or more than twelve (12) units. . . .

Plaintiffs contend that the development proposed by ABH is a planned development within the meaning of the quoted provisions of the ordinance because of (1) the number of units involved, (2) the size of the tract of land, and (3) the fact that it is a multifamily development. Plaintiffs further contend that the provisions of section 801 of the ordinance, dealing with planned developments, are mandatory with respect to any development that is a planned development within the meaning of the above definitions. Defendants, however, point out that the proposed development is a permitted principal use under the ordinance. As long as the proposed development is a permitted use, defendants argue, the provisions of section 801 are not mandatory.

The trial court concluded that the proposed development was a permitted principal use of the property under the zoning ordinance. The proposed development also arguably falls within the definition of planned development, as plaintiffs contend. Plaintiffs' contention, however, rests on the assumption that planned development and permitted use are, for purposes of the zoning ordinance, mutually exclusive concepts.

Although the ordinance is less than clear on this point, we find plaintiffs' argument is without support. Article VIII of the zoning ordinance deals with Special Exceptions. Section 800.1, the first provision of Article VIII, reads as follows:

> *Purpose.* To ascertain that certain designated uses have met the specific conditions set forth by this ordinance. . . .

Contained within Article VIII is section 801, dealing specifically with planned developments. Section 801.1 reads as follows:

*Purpose.* To establish additional guidelines for special exceptions when tracts of land of considerable size are developed, redeveloped or renewed as integrated and harmonious units, when the overall design is so outstanding as to warrant modification of the standards contained elsewhere in this ordinance, and when an approved site plan is considered necessary to assure the appropriate development of uses in a compatible manner.

Based on the language of these provisions and the provisions quoted earlier, together with their juxtaposition within the ordinance, we conclude that "planned development" is one of the "designated uses" for which the zoning ordinance allows a "special exception" to be granted.

The existence of a "special exceptions" section within the ordinance indicates that its provisions are not invoked unless a proposed development does not otherwise fall within the use, lot size, and density standards set out in the ordinance. Under the ordinance, planned developments are a type of special exception warranting the establishment and application of additional guidelines. The additional guidelines are apparently appropriate only to the peculiar nature of planned developments. However, as with special exceptions generally, the additional guidelines regarding planned developments are only invoked where the proposed development does not fall within the zoning ordinance.

The question that was properly before the trial court was not whether the proposed development by ABH was a planned development within the meaning of the ordinance, but whether it failed to conform to the requirements of the zoning ordinance and therefore required consideration as a special exception. Only if this question were answered in the affirmative would it have become necessary to determine whether the development warranted the application of the additional guidelines dealing with planned developments.

Here, the trial court concluded on the basis of facts that are not in dispute that the proposed development was a permitted principal use under the R-2 Residential Zoning classification attached to the tract of land under the ordinance. Based on our interpretation of the applicable provisions of the zoning ordinance, this conclusion was correct. The court also correctly concluded

that the proposed development was not subject to the additional guidelines dealing with planned developments and special exceptions and properly refused to grant the requested relief.

The conclusion that the development was not a planned development is not necessary to support the judgment rendered and the judgment is modified accordingly.

We have found no error in this case that is prejudicial to defendants and therefore need not address their cross-assignment of error or their supporting argument. The judgment appealed from is

Modified and affirmed.

Judges ARNOLD and WELLS concur.